UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| KEITH POWERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:12-CV-461 JD |
| | ) | |
| USF HOLLAND INC. and YRC INC., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This case arises out of the attempts of Plaintiff Keith Powers to return to his job as a truck driver at USF Holland, Inc. ("Holland").[1] He has been on medical leave since August 29, 2004. Powers previously brought a lawsuit against Holland, which alleged disability discrimination and was disposed of on summary judgment. *Powers v. USF Holland, Inc.*, No. 3:07-CV-246, 2010 WL 558557 (N.D. Ind. Feb. 9, 2010), *as modified on reconsideration by* 2010 WL 1994833 (May 13, 2010), *aff'd by* 667 F.3d 815, 826 (7th Cir. 2011). Beginning in 2010 (while the first case was still pending), Powers attempted and failed to return to work at Holland again [DE 1 at 1 ¶¶ 9–10.]

Powers then filed this lawsuit, which alleged claims of *per se* discrimination, disability discrimination, failure to accommodate, and retaliation, all based on the later attempt to return. On March 30, 2015, this Court granted in part and denied in part the Defendants' motion for summary judgment, leaving only the failure-to-accommodate claim [DE 43.] Specifically, this Court found that "giving Powers the benefit of all reasonable inferences—as the Court must on summary judgment—no conclusion can be reached regarding which party is to blame for the

---

[1] Defendant YRC Inc. is the parent company of Holland. The two companies are collectively referred to as "Defendants."

breakdown of the interactive process." [DE 43 at 22.]  Now before the Court is the Defendants'

Motion to Reconsider, asking the Court to dismiss the remaining claim.  For the reasons stated

below, Defendants' Motion to Reconsider is **DENIED**.

## I. Standard of Review

Pursuant to Federal Rule of Civil Procedure 54(b), the Court has the inherent power to

reconsider non-final orders, as justice requires, before entry of judgment. *See Lockhart v.*

*ExamOne World Wide, Inc.*, 904 F.Supp.2d 928, 951 (S.D. Ind. 2012); *Nexstar Broadcasting,*

*Inc. v. Granite Broadcasting Corp.*, No. 1:11-CV-249, 2012 WL 4794380, at *1 (N.D. Ind. Oct.

9, 2012).  Ultimately, motions for reconsideration serve a limited function; to correct manifest

errors of law or fact or to present newly discovered evidence. *Nexstar Broadcasting, Inc.*, 2012

WL 4794380, at *1; *see also Tecnomatic, S.P.A. v. Remy, Inc.*, 954 F.Supp.2d 860, 864 (S.D.

Ind. 2013).  It is well-settled that a motion to reconsider is not properly utilized to advance

arguments or theories that could and should have been made before the district court rendered a

decision. *Nexstar Broadcasting, Inc.*, 2012 WL 4794380, at *1; *see also Fannon v. Guidant*

*Corp.*, 583 F.3d 995, 1003 (7th Cir. 2009) (citing *Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506,

512 (7th Cir. 2007)).

## II. Discussion

Defendants do not contest the factual basis of the Court's summary judgment order or try

to introduce new evidence, and so those facts are incorporated herein [DE 43 at 2-5.]  Instead,

the Defendants assert that this Court's order denying summary judgment: 1) "credited

inadmissible conjecture by Powers" by crediting Powers's contentions first that the

accommodation documentation he submitted was not confusing and was thus sufficient to make

an accommodation determination, and second that he had called Holland sometime after March

11 and was told that Holland would get back to him; and 2) misconstrued the Seventh Circuit precedent as to what basis can be used to find an employer responsible for the breakdown in the interactive process, and therefore liable for an ADA failure to accommodate claim [DE 46; DE 47.]

Before specifically addressing the merits of these claims, the Court first dispels an incorrect legal proposition upon which Defendants' motion is premised. The Defendants incorrectly rely on *Montgomery v. American Airlines, Inc.*, 626 F.3d 382, 389 (7th Cir. 2010) and *Albiero v. City of Kankakee*, 246 F.3d 927, 933 (7th Cir. 2001) for the assertion that Powers "cannot create [an] issue of material fact with only uncorroborated [self-serving] conclusions with no support in the record." [DE 50 at 7.] But these cases don't stand for that proposition.

Rather, *Montgomery* holds that while "mere conclusory allegations do not constitute evidence," "uncorroborated, self-serving testimony, '[i]f based on personal knowledge or firsthand experience,' . . . 'can be evidence of disputed material facts.'" 626 F.3d at 389. In addition, *Albiero* was explicitly overruled to the extent it suggested that a plaintiff may not rely on "self-serving" evidence to create a material factual dispute. *See Hill v. Tangherlini*, 724 F.3d 965, 967 n. 1 (7th Cir. 2013) (overruling *Albiero* and reasoning that "[d]eposition testimony, affidavits, responses to interrogatories, and other written statements by their nature are self-serving," but may be admissible for the purpose of allowing a party to present its side of the story at summary judgment, if the evidence sets forth specific facts and is based on personal knowledge); *see also Berry v. Chi. Transit Auth.*, 618 F.3d 688, 691 (7th Cir. 2010) ("[W]e long ago buried-or at least tried to bury-the misconception that uncorroborated testimony from the non-movant cannot prevent summary judgment because it is 'self-serving.' If based on personal knowledge or firsthand experience, such testimony can be evidence of disputed material facts.")

(internal citation and citations omitted). In other words, despite Defendants' argument to the contrary, Powers can defeat summary judgment by use of his uncorroborated deposition testimony, so long as his sworn testimony sets forth specific facts based on personal knowledge. *See id.*

With the correct legal framework in mind with respect to what can constitute admissible evidence to ward off summary judgment, the Court addresses the Defendants' argument that the Court impermissibly credited Powers's contentions that the accommodation documentation he submitted to establish his limitations was not confusing and was thus sufficient to make an accommodation determination, and that he had called Holland sometime after March 11 and was told that Holland would get back to him.

With respect to the documentation submitted by Powers, the Defendants claim that the Court erroneously determined "that Powers properly refuted the undisputed fact that Holland did not have the clarification it needed to bring Powers back to work in 2011." [DE 47 at 5.] However, the Court never made such a finding. Rather, the Court acknowledged that Holland had indeed presented evidence revealing Holland's belief that Powers's initial documentation was confusing, and Holland attempted to clarify the confusion by contacting Powers and his attorney [DE 43 at 21.]

More importantly, regardless of whether this initial documentation was deemed confusing/inadequate by Holland, this issue was *not* identified by the Court as creating a material factual dispute which negated the entry of summary judgment. Once Holland sought clarification of Powers's initial documentation (which Powers admits occurred), Powers then sent more documents and eventually placed a follow-up phone call to Holland and was told Holland would get back to him (but it didn't). This failure to follow-up could be inferred on

summary judgment as having caused the breakdown in the interactive process (again, whether or not the initial documents were actually confusing). Put another way, regardless of whether the initial documentation was confusing, it was the outcome determinative dispute which arose with respect to events that took place *after* Holland requested clarification of the documents and Powers provided additional documents in response, which then led to the breakdown in the interactive process. Ultimately it was this breakdown—and the factual dispute that exists with respect to *who caused the breakdown*—that precluded the entry of summary judgment. The Court's determination in this respect was made clear in the summary judgment order:

> The parties generally agree that there was a breakdown in the interactive process in this case, the result of which was that Mr. Powers's request for accommodation was never fully considered. They disagree, however, regarding who is to blame for that breakdown. In light of the disagreement and evidence presented, *the Court finds there to be a material fact in genuine dispute regarding who is to blame for the breakdown in the interactive process, precluding summary judgment at this time*.
>
> . . . .
>
> . . . If Defendants' evidence is to be credited, counsel for Holland communicated with counsel for Mr. Powers on March 10 and 11, but heard no response until the filing of the EEOC complaint. If Mr. Powers's evidence is to be credited, he made a phone call to Holland sometime after the March communication, and was told that Holland "would get back to him." [DE 38 at 6.] The inference is that they never did. What is clear is that some party reached out to the other to continue the discussion, but that invitation went unanswered. And while the "last act in the interactive process is not always the cause of a breakdown," *Sears*, 417 F.3d at 806, in this case there appears to be no other conclusion that could be reached.
>
> *This genuine dispute as to a material fact precludes summary judgment on Mr. Powers's claim of failure to accommodate*. . .

[DE 43 at 21-22.] Thus, the Court need devote no further time reconsidering its order with respect to Defendants' argument about the confusing nature of the initial documentation submitted by Powers, because this issue didn't preclude summary judgment.

Defendants' next contention is that Powers's alleged call to Holland to check on the

status of his accommodation and return to work request was too vague, conclusory, and self-serving to create an issue of material fact [DE 47 at 5.]  Holland contends that Powers was unable to provide any details regarding the call he made to the Defendants, including details concerning when the phone call took place, to whom Powers spoke with, and the precise nature of what was discussed.

But the Defendants' argument mischaracterizes the evidence.  In fact, during his deposition, Powers specifically identified VandeVusse or Kopczynski as the person with whom he spoke with approximately one or two months after submitting the accommodation form [DE 39-1 at 29, 31.]  In addition, Powers testified that during this conversation they discussed "what was going on with [his] road transfer form and why [he had] not received a request to come back to work or at least take [his] medical examination with their doctor" and that he was told: "they would have to get back to [him] on that" [DE 39-1 at 29, 31.]  Despite the fact that this conversation took place over three years prior to Powers's deposition, he was able to remember having spoken to one of two people, he provided a narrow time frame for when the call took place, and he was able to characterize the nature of the conversation and the fact that he understood Holland would get back with him on his work request.

Certainly, under *Hill*, Powers's deposition testimony provided enough detail about the phone conversation and he testified based on his personal knowledge, thereby allowing the testimony to be admitted for purposes of summary judgment. 724 F.3d at 967, n. 1.  And here, such testimony created a question of fact as to whether Defendants were responsible for following-up with Powers at that point, and thus, responsible for the breakdown in the interactive process. Therefore, Defendants' argument that this evidence was impermissibly credited is without merit.  Furthermore, the Court disagrees with Defendants that this ruling will establish a

policy that employers will always have to repeat a request for clarification after an employee asks for a status on the requested accommodation; rather, if anything, it creates a policy that *should an employer indicate it will follow-up with an employee's request* concerning further information necessary to consider an accommodation and return to work, then the employer must do so or it could be held responsible for a breakdown in the interactive process.

Finally, Defendants rely on *Hoppe v. Lewis University*, 692 F.3d 833, 839 (7th Cir. 2012), *Nicholson v. Allstate Ins. Co.*, 495 Fed.Appx. 716, 719 (7th Cir. 2012), *Jackson v. City of Chicago,* 414 F.3d 806 (7th Cir. 2005), and *Steffes v. Stepan Co.*, 144 F.3d 1070, 1072-73 (7th Cir. 1998) for the proposition that an employee's failure to provide requested medical information during the interactive process results in dismissal of a failure-to-accommodate claim [DE 47 at 8-9.] In each of these cases, the plaintiff either failed to submit any medical documentation or failed to provide the documentation specifically requested by the employer, and thus the employee was found responsible for the breakdown in the interactive process. However, these cases are factually distinguishable because none of them present a situation where *after* documentation was provided by the employee to the employer (as it was by Powers to Holland) and the employer requested clarification (as Holland did); the employee sent additional documentation[2] and then followed-up on the requested accommodations (as Powers

---

[2] In February 2011, Powers sent an ADA Accommodation Request Medical Inquiry Form for Healthcare Provider and an Accommodation Request Form, along with a Board Switching Form requesting to transfer to a Road driver position [DE 35-20 at 18-26], which indicated that with some enumerated accommodations [as noted in the Court's previous order, DE 43 at 4], Powers could perform the essential functions of a Road driver [DE 35-20 at 8]. While not expressly addressed in the request for summary judgment or the Court's ruling, this evidence suggests that some reasonable accommodation was readily available (or at least presents a genuine issue of fact as to the same), but the subsequent breakdown in the interactive process prevented identification of whether these were appropriate accommodations for Powers. *See e.g., Stern v. St. Anthony's Health Center*, No. 14—2400, 2015 WL 3499838, 13-14 (7th Cir. June 4, 2015) (citing *Kauffman v. Petersen Health Care VII, LLC*, 769 F.3d 958, 963 (7th Cir. 2014); *Spurling v. C&M Fine Pact, Inc,,* 739 F.3d 1055, 1062 (7th Cir. 2014)). Thus, the evidence presented by Powers was sufficient to reach a jury on the question of whether he was able to perform the essential functions of a Road driver with an accommodation. *See id.* at 13, 15 (noting that even when the employer fails to adequately interact, a plaintiff must come forward with non-speculative evidence showing that a reasonable accommodation could be made that would enable the plaintiff to carry out the essential functions of the job.).

did); the employee was told the employer would get back to him (as it can be inferred that either VandeVusse or Kopczynski may have done, despite their denying such involvement[3]); and then, the employer did not respond (as Holland did not respond). And so, even though Holland had requested clarification of Powers's initial accommodation documentation, it subsequently indicated (per Powers's admissible deposition testimony) that it would be getting back to Powers about his accommodation request—and it failed to do so. Again, none of the cases relied on by Defendants control this factually distinguishable situation.

In fact, neither VandeVusse nor Kopczynski could say who was responsible for Powers's accommodation request. VandeVusse claimed it was Kopczynski's job [DE 39-3 at 30-31, 53,] while Kopczynski claimed that the responsibility was with VandeVusse's HR department [DE 39-4 at 35-36, 39-40, 41-42, 53.] In fact, VandeVusse admitted in her deposition that she did nothing with the Board Switching Form because she thought it should have gone to Kopczynski [DE 39-3 at 51-52, 55-56]. And regardless of the forms submitted by Powers, Holland was going to require further work-up at Holland's clinic to determine the accommodations necessary [DE 39-3 at 39-44, 63-64, 88.] Moreover, some communications concerning Powers's return to work were taking place between the parties, while other communications were held between the parties' attorneys. This type of disjointedness makes it difficult to know who was ultimately responsible for the breakdown, and certainly the overall evidence permits an inference at the summary judgment stage that it could have been Holland. *Cloe v. City of Indianapolis*, 712 F.3d 1171, 1178 (7th Cir. 2013) ("If [the interactive] process fails to lead to reasonable

---

[3] In entertaining a motion for summary judgment, the Court may not make credibility determinations or weigh the evidence. *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150 (2000). Those functions belong to the jury. *Id.* The summary judgment standard bears added rigor in employment discrimination cases, where credibility and intent are crucial issues. *King v. Preferred Technical Group*, 166 F.3d 887, 890 (7th Cir. 1999).

accommodation of the disabled employee's limitations, responsibility will lie with the party that caused the breakdown.").  As this Court earlier held (after considering the *entirety* of the interactive process and the *substance* of the communications), "giving Mr. Powers the benefit of all reasonable inferences—as the Court must on summary judgment—no conclusion can be reached regarding which party is to blame for the breakdown of the interactive process" [DE 43 at 22.]  And thus, on summary judgment, the Court concludes that a reasonable jury might find that Holland was to blame for the breakdown of the interactive process and failure to follow-up on Powers's requested need for accommodations.  Accordingly, this disputed fact requires denial of summary judgment, and nothing in Defendants' briefs in support of reconsideration persuades otherwise.

### III. Conclusion

For the above reasons, the motion to reconsider is **DENIED**.  The Court also **DENIES** Plaintiff's Motion to Strike [DE 51] the Defendants' reply brief on account of its being filed a few days late, because the outcome of this order would be no different had the reply been stricken.

SO ORDERED.

ENTERED:  June 25, 2015

_____/s/ JON E. DEGUILIO_____
Judge
United States District Court